```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAO NING ZHANG,

                          Plaintiff,

-against-

GAVRYLYUK OLESYA, et al.,

                          Defendants.

24-CV-1939 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, who is currently detained at the Rose M. Singer Center ("RMSC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. She asserts Fourteenth Amendment due process and deliberate indifference claims arising out of Defendants' alleged misdiagnosis of her mental health issues, involuntarily confining her to a mental health unit, denying her food and water, and inciting other inmates to harm her. Named as defendants are: Gavrylyuk Olesya and Noorulain Jhandiya, identified as psychiatrists at the RMSC; Correction Officer Patternella; and the City of New York. By order dated May 21, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### I.     Waiver of Service

      The Court directs the Clerk of Court to electronically notify the New York City Department of Correction ("DOC") and the New York City Law Department of this Order. The Court requests that the City of New York, Gavrylyuk Olesya, and Correction Officer Patternella waive service of summonses.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). On April 5, 2024, Plaintiff filed a prisoner authorization authorizing the prison to deduct the amounts specified in 28 U.S.C. § 1915(b)(1) from her prison trust fund account.

If a waiver of service is unable to be executed for a defendant because of identification issues, the Court directs the New York City Law Department to ascertain the identity and service address of that defendant and provide this information to Plaintiff and the Court within 60 days of the date of this order.[2] *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). Within 30 days of receiving this information, the Court will, if necessary, issue an order asking the newly identified defendant to waive service or direct service at the address provided.

**II.    Service on Defendant Jhandiya**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Noorulain Jhandiya through the U.S. Marshals Service, the Clerk of Court is requested to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further requested to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Jhandiya.

---

[2] If the unidentified defendant is a current or former DOC employee or official, the New York City Law Department should note in its response to this Order that an electronic request for a waiver of service can be made with respect to that defendant under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York, Gavrylyuk Olesya and Correction Officer Patternella waive service of summonses.

The Clerk of Court is ordered to issue a summons for Defendant Noorulain Jhandiya, complete a USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

The Clerk of Court is further directed to mail a copy of this Order and the complaint to: New York City Law Department, 100 Church Street, New York, New York 10007.

The Clerk of Court is also instructed to mail a copy of this Order and an information package to Plaintiff.

**SO ORDERED.**

**Date: August 12, 2024**  
**New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

Noorulain Jhandiya
c/o G. Renee Tarver
H+H - Correctional Health Services
49-04 19th Avenue
1st Floor
Astoria, NY 11105