UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024
```

XIAO NING ZHANG,

                Plaintiff,

-against-

GAVRYLYUK OLESYA, et al.,

                Defendants.

24-CV-1939 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff, who is currently detained at Bedford Hill Correctional Facility, brings this action pro se under 42 U.S.C. § 1983. [ECF No. 18]. She asserts Fourteenth Amendment due process and deliberate indifference claims arising out of Defendants' alleged misdiagnosis of her mental health issues, involuntarily confining her to a mental health unit, denying her food and water, and inciting other inmates to harm her. Named as defendants are: Gavrylyuk Olesya and Noorulain Jhandiya, identified as psychiatrists at the RMSC; Correction Officer Patternella; and the City of New York. By order dated May 21, 2024, the court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. [ECF No. 7].

    In an order dated August 12, 2024, The Court requested that the City of New York, Gavrylyuk Olesya, and Correction Officer Patternella waive service of summonses. [ECF No. 9]. The Court further ordered that, if a waiver of service is unable to be executed for a defendant because of identification issues, the Court directs the New York City Law Department to ascertain the identity and service address of that defendant and provide this information to Plaintiff and the Court within 60 days of the date of this order. [ECF No. 9] (citing *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997)). Regarding Defendant Noorulain Jhandiya, the Court requested that the Clerk of Court fill out a U.S. Marshals Service Process Receipt and Return

form ("USM-285 form") for this Defendant, issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Jhandiya. [ECF No. 9]. The Court further ordered that Plaintiff should request an extension of time for service, if the complaint was not served on Defendant Jhandiya within 90 days after the summons was issued. [ECF No. 9].

In response, the Clerk of Court issued a summons and delivered all paperwork necessary to the Marshals Service to effect service upon Defendant Jhandiya; however, no proof of service has been filed in the 90 days after the summons was issued. [ECF No. 10].

Further, three waivers of service were filed, two executed and one unexecuted. [ECF Nos. 12, 13, 15]. Specifically, the City of New York and CO Patternella—identifying herself as CO Krystal Paternella—agreed to waive service of summons and complaint. [ECF Nos. 12, 15]. However, the New York City Department of Correction ("DOC") declined on behalf of Gavrylyuk Olesya to waive service of the summons and complaint because, as the New York City Department of Correction represents, no employee in the agency matches that name and title. [ECF No. 13]. The City of New York noted that the proper name for the defendant is Olesya Gavrylyuk and provided a service address for her. [ECF No. 16].

Accordingly, IT IS HEREBY ORDERED that, within thirty days of this order, by December 19, 2024, Plaintiff must file an amended complaint naming the proper defendants, including Krystal Paternella and Olesya Gavrylyuk. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service or requesting the U.S. Marshal Service to effect service.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record.  [ECF No. 17].

**SO ORDERED.**

Date:  **November 19, 2024**　　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　　**New York, NY**　　　　　　　　　　　　　　　　　　**United States District Judge**